```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ANDREW VOLPE,

                              Plaintiff,

         -against-

The City of New York; The Queens District Attorney;
A.D.A. MUHAMAD RABAH, GARY F. MINOT,
Lawyer; MICHAEL GAFFEY, Lawyer; DOC;
VALERIE G. RAIA,

                              Defendants.
----------------------------------------------------------x
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 0 2007
TIME A.M. ?M.

MEMORANDUM
AND ORDER
07-CV-2721 (ENV)

VITALIANO, United States District Judge.

On February 1, 2007, plaintiff Andrew Volpe, currently incarcerated at Woodbourne Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. By order dated June 11, 2007, the Honorable Kimba Wood, Chief Judge, transferred the complaint to this Court because "[t]o the extent the instant complaint can be deciphered, plaintiff is raising claims in connection with a Queens arrest and related criminal proceedings." He seeks $800 million and release from prison without parole. Compl. ¶ V. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint, however, is dismissed, but with leave to replead as to defendant Muhamad Rabah.

## Background

As noted by Chief Judge Wood, plaintiff's handwritten complaint is difficult to decipher, but, to the extent it can be read, plaintiff alleges that the district attorney is "trying to charge me [illegible] for a crime [illegible] 2007 meanwhile I've be[en] incarcerated since Oct. 12, 2005 for

the case." Compl. ¶ III (D). Plaintiff provides no facts relating to any of the other defendants. Id.

Plaintiff, it must be noted, is no stranger to this Court. In 2006, he filed two civil rights complaints which were dismissed for failure to state a claim pursuant to 28 U.S.C. §§1915A; 1915(e)(2)(B). See Volpe v. City of New York, et al., No. 06-CV-6182 (ENV); Volpe v. People of the State of New York, No. 06-CV-5844 (ENV). Plaintiff also filed two habeas corpus petitions which were dismissed as premature. Volpe v. Superintendent, No. 06-CV-6181 (ENV); Volpe v. People of the State of New York, No. 06-CV-5846 (ENV).

## Discussion

A.  Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, under 28 U.S.C. § 1915(e)(2), the Court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001). But, as plaintiff is proceeding *pro se*, the Court is also obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted); see also Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

B.  Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

Here, the complaint fails to attribute any conduct giving rise to a constitutional violation as to any of the individually named defendants, and it must therefore be dismissed as to them pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) for failure to state a claim. Further, the complaint must be dismissed as to the Queens County District Attorney because plaintiff fails to allege his direct or personal involvement in the alleged constitutional deprivation, Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994), as liability may not be based on the *respondeat superior* or vicarious liability doctrines. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Also, private parties, such as Gary F. Minot, Michael Gaffey and Valerie G. Raia, who do not act under color of state law, cannot be liable for civil rights violations under § 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997). Additionally, there can be no claim under § 1983 against the Department of Correction (DOC) as it lacks the capacity to be sued. Lauro v. Charles, 219 F.3d 202, 205 n.2 (2d Cir. 2000). Lastly, as with the individually named defendants, plaintiff does not provide any facts to hold the City of New York liable. Amnesty America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004) (quoting Monell, 436 U.S.

3

at 690).

To the extent that any factual allegations can be discovered in the jumble of the complaint, plaintiff alludes to conduct perhaps attributable to an assistant district attorney involved in a prosecution against him, Muhamad Rabah. Plaintiff alleges that the district attorney is "trying to charge me for a crime [illegible] 2007 meanwhile I've be[en] incarcerated since Oct. 12, 2005 for the case." Compl. ¶ III (D). Prosecutors, of course, generally enjoy absolute immunity from liability in suits seeking damages for acts carried out in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994); Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution). "A prosecutor is . . . entitled to absolute immunity despite allegations of his 'knowing use of perjured testimony' and the 'deliberate withholding of exculpatory information.' Although such conduct would be 'reprehensible,' it does not make the prosecutor amenable to a civil suit for damages." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (citations omitted) (quoting Imbler, 424 U.S. at 431 n.34 (1976)).

Applying this decisional law, the complaint is dismissed as to defendant Rabah given that plaintiff does not appear to allege facts sufficient to overcome defendant Rabah's absolute immunity in the initiation of a prosecution. However, in light of plaintiff's *pro se* status, and his attempt to plead facts supporting a violation of his civil rights by ADA Rabah that might withstand Rabah's immunity, the Court grants plaintiff leave to replead this claim. Since a plaintiff must disclose sufficient information to permit the defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery," Ricciuti v. New York

4

City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991), in any amended complaint plaintiff must provide a legible, concise and direct explanation of what defendant Rabah allegedly did or failed to do as well as the date(s) and location of all relevant events. Fed. R. Civ. P. 8.

C.   Habeas Corpus

Plaintiff's cryptogram also seeks his "release[] from prison without parole," Compl. ¶ V. This claim is also dismissed. It is well-settled that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Heck v. Humphrey, 512 U.S. 477, 481(1994); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Instead, plaintiff must seek federal habeas corpus relief or appropriate state relief. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). However, federal habeas relief is not available until plaintiff has exhausted his state remedies. 28 U.S.C. § 2254. As there is no indication that plaintiff has exhausted his state court remedies, the Court declines to liberally construe this claim as a petition for a writ of habeas corpus.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed as to all the defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915A and 1915 (e)(2)(B), but with leave to replead within 30 days of the date of this Memorandum and Order solely as to defendant Muhamad Rabah provided that it is repled in a manner that complies with Fed. R. Civ. P. 8 as set forth above. The submission must be captioned, "AMENDED COMPLAINT," and bear the same docket number as this Order, 07-CV-2721 (ENV). All further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint as directed by this Order or if the submission fails to comply with the requirements of Fed R. Civ. P. 8, the complaint shall be dismissed in its entirety and judgment shall

5

enter.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
July 19, 2007

ERIC N. VITALIANO
United States District Judge